UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00873-ODW (DFMx) | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Norberto Rafael Lameda Rodriguez v. Kristi Noem et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**   **ORDER GRANTING TRO [4]**

On February 23, 2026, Petitioner Norberto Rafael Lameda Rodriguez filed an Ex Parte Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 4.) Respondents failed to timely respond. For the following reasons, the Court **GRANTS** Petitioner's TRO.[1]

Petitioner is a noncitizen. (Pet. ¶ 1, Dkt. No. 1.) In June 2023, Respondents placed Petitioner in removal proceedings. (*Id.* ¶ 28.) Respondents later released Petitioner from custody on an Order of Recognizance. (*Id.* ¶ 29.) Respondents subsequently re-arrested Petitioner and charged him with having entered the United States without inspection. (*Id.* ¶ 31.) Respondents currently hold Petitioner at the Adelanto Detention Facility. (*Id.* ¶ 32.) Respondents preclude Petitioner from seeking a bond redetermination hearing before an Immigration Judge pursuant to the Board of Immigration Appeals' ("BIA") precedential decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), holding that noncitizens who entered the United States without inspection or admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.* ¶¶ 2, 31, 34.)

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical"

---

[1] Petitioner raises a legal question whether his is entitled to a bond hearing under 8 U.S.C. § 1225(a). (TRO 7.) The Court has jurisdiction to review "the purely legal question" that Petitioner raises. *See United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00873-ODW (DFMx) | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Norberto Rafael Lameda Rodriguez v. Kristi Noem et al.* | | |

to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, Petitioner is likely to succeed in arguing that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), governs his detention. (TRO 9–14.) The Court has considered this identical issue in nearly identical factual circumstances and incorporates and adopts by reference its analyses in those recent decisions. *See, e.g.*, *Garcia v. Noem*, No. 5:25-cv-02771-ODW (PDx), 2025 WL 2986672, at *2–4 (C.D. Cal. Oct. 22, 2025); *Kumar v. Santacruz Jr.*, No. 5:56-cv-00297-ODW (SSCx), 2026 WL 246018, at *3 (C.D. Cal. Jan. 26, 2026) (collecting cases).

Second, Petitioner is likely to suffer irreparable harm because his detention without a bond hearing constitutes a deprivation of due process. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that "[f]reedom from imprisonment . . . lies at the heart of the liberty" that the Due Process Clause protects); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

Finally, Petitioner has demonstrated that the balance of equities and the public interest require injunctive relief. (TRO 15–16.) As the Court has previously expressed, "to the extent that the BIA's adopted statutory interpretation deprives [Petitioner] of [his] constitutional rights and violates federal law, 'it is clear that neither equity nor the public's interest are furthered by allowing violations of federal law to continue.'" *Gonzalez v. Noem*, No. 5:25-cv-02054-ODW (ADSx), 2025 WL 2633187, at *6 (C.D. Cal. Aug. 13, 2025) (quoting *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022)). Should Petitioner continue to be detained without a bond hearing, "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez*, 52 F.4th at 832.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00873-ODW (DFMx) | Date | February 24, 2026 |
| Title | *Norberto Rafael Lameda Rodriguez v. Kristi Noem et al.* | | |

  For these reasons, the Court finds that all four *Winter* factors weigh in favor of a TRO. Accordingly, the Court **GRANTS** the TRO. (Dkt. No. 3.) The Court **ORDERS** the following:

- Respondents shall provide Petitioner him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of this Order;

- Respondents shall **SHOW CAUSE**, in writing only, to be received by the Court no later than **March 3, 2026,** as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a reply by **March 6, 2026**. The Court **SETS** a hearing on the preliminary injunction on **March 10, 2026, at 9:00 a.m.**, via Zoom.

  **IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |